IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATUARA, ) | |
|       Plaintiff, ) | |
| v. ) | No. 03 C 563 |
| ) | |
| HEAVNER, HANDEGAN, SCOTT & BEYERS, ) | |
| *et al.*, ) | |
|       Defendants. ) | |

FILED
MAR 28 2003
JUDGE JOAN B. GOTTSCHALL
United States District Court

DOCKETED
MAR 31 2003

## DEFENDANTS' MOTION TO DISMISS

Defendants Heavner, Handegan, Scott & Beyers, Richard L. Heavner, Nancy M. Handegan, J. Gregory Scott, and Julie Beyers (collectively "Heavner Handegan") respectfully request, pursuant to Fed. R. Civ. P. 12(b)(6), that the Court dismiss Counts I-II, IV-XI, IVX-XVI, XX-XXI, and XXVII-XXXI of plaintiff's Complaint.

In support of this motion, Heavner Handegan states as follows:

1. Heavner Handegan filed a foreclosure action against plaintiff on behalf of defendant Washington Mutual in the Circuit Court of Cook County. (02 CH 1197, Cir Ct. Cook County). This matter is currently pending. (Compl., Exh. A).

2. Plaintiff has filed this thirty-one (31) Count complaint alleging violations of the federal Fair Debt Collection Practices Act (Count I-IX), the federal Fair Credit Reporting Act (Counts IX-XI), the Uniform Commercial Code (Counts XIV-XVI, XX-XXI), the Illinois Code of Civil Procedure (Count IXX), and the Illinois Consumer Fraud Act (Count XXVII), as well as claiming deprivation of due process (Count XXVIII), fraud (Count XXIX), defamation (Count XXX), and tortious interference (Count XXXI).



3. Plaintiff's claims under the Uniform Commercial Code and Illinois Code of Civil Procedure do not provide for affirmative causes of action and should be dismissed.

4. Plaintiff has not pled facts sufficient to sustain his remaining claims and these should be dismissed as well.

5. In further support, Heavner Handegan submits and incorporates the attached memorandum of law.

WHEREFORE, Heavner Handegan respectfully requests that the Court dismiss each of the Counts against Heavner Handegan.

Respectfully submitted,

Jeffrey T. Mitchell

Daniel F. Konicek
Jeffrey T. Mitchell
KONICEK & DILLON, P.C.
21 W. State Street
Geneva, Illinois 60134
(630) 262-9655
(630) 262-9659 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

MAR 2 8 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CATUARA, )
      Plaintiff, )
v. )
  )
HEAVNER, HANDEGAN, SCOTT & BEYERS, )  No. 03 C 563
*et al.*, )
      Defendants. )

DOCKETED

MAR 3 1 2003

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Defendants Heavner, Handegan, Scott & Beyers, Richard L. Heavner, Nancy M. Handegan, J. Gregory Scott, and Julie Beyers (collectively "Heavner") submit the following memorandum in support of their Rule 12(b)(6) motion to dismiss.

**I. INTRODUCTION**

Plaintiff filed a fifty page, thirty-one count complaint alleging violations of federal and state law in connection with Heavner's filing of a mortgage foreclosure action that is still pending in the Circuit Court of Cook County. The following facts are taken from plaintiff's Complaint.

On January 16, 2002, Heavner, on behalf of defendant Washington Mutual, filed a foreclosure complaint against plaintiff. (Compl., ¶25). Heavner subsequently filed a *lis pendens* on the property that was the subject of the foreclosure action. (Compl., ¶25). Plaintiff was served on January 27, 2002. (Compl., ¶26). The summons accompanying the foreclosure complaint contained plaintiff's social security number. (Compl., ¶27). Along with the complaint, plaintiff was provided the notice required under 15 U.S.C. §1692g. (Compl., Exhibit A).

1

Plaintiff requested verification of the debt from Heavner, but then filed his *pro se* appearance and Verified Answer in the foreclosure action on February 26, 2002. (Compl., ¶¶27-28). On August 9, 2002, Heavner responded to plaintiff's request and provided verification of the debt. (Compl., Exhibit H). Plaintiff represented himself in the foreclosure action until September 2002 when he retained counsel "coerced by the court's disinterest in his rights to due process." (Compl., ¶36). The foreclosure action proceeded through discovery and pre-trial. (Compl., ¶¶37-45).

## II. ARGUMENT

### A. Plaintiff Fails to State a Claim Under The FDCPA

Plaintiff pleads eight counts (Counts I-VIII) against Heavner under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). However, plaintiff fails to plead a valid cause of action in six of these eight counts.

#### 1. Count I - §1692d

Plaintiff alleges that Heavner violated §1692d the FDCPA by placing his social security number on the summons. Section 1692d prohibits a debt collector engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collecting a debt. 15 U.S.C. §1692d. This section goes on to give examples of such conduct, including: use or threat of the use of violence to harm the physical person, reputation or property of any person; the use of obscene or profane language; causing a telephone to ring repeatedly or continuously with the intent to abuse or harass. *See* §1692d(1), (2), and (5).

Placing plaintiff's identifier, in this case his social security number, on the face of the summons that was personally served on the plaintiff does not amount to conduct the

2

natural consequence of which was to harass or oppress plaintiff. Count I should be dismissed with prejudice.

2. Count II – §1692e(2)(A)

In Count II, plaintiff alleges that Heavner violated §1692e(2)(A) of the FDCPA by naming the "wrong creditor" as the plaintiff on the state court foreclosure complaint. First, this is a procedural matter that plaintiff could and should address to the Circuit Court of Cook County. Second, as the servicer and holder of the mortgage on plaintiff's property, defendant Washington Mutual *is* the proper plaintiff in a suit seeking a foreclosure on that mortgage.

Section 1692e(2)(A) prohibits debt collectors from making a false representation of the character, amount, or legal status of any debt. Washington Mutual retained Heavner to file a foreclosure action in connection with the mortgage Washington Mutual held on plaintiff's property. Accordingly, Heavner did not misrepresent the character or legal status of the debt by filing with Washington Mutual as the plaintiff. Count II should be dismissed with prejudice.

3. Count IV - §1692e

Plaintiff alleges in Count IV that Heavner violated §1692e of the FDCPA by "their constant efforts and practices of deception and concealment manipulating the Circuit Court of Illinois," "treating Plaintiff Cataura as a criminal prior to due process," and "depriving Plaintiff Cataura the most basic rights." However, the complaint makes no specific allegations of any misrepresentations to the Circuit Court and the remainder of allegations do not constitute violations of §1692e.

Section 1692e of the FDCPA prohibits debt collectors from using a false, deceptive or misleading representation in connection with the collection of a debt. The section lists sixteen examples of prohibited representations including: a false representation that the collector is affiliated with the government; the false representation that failure to pay will result in the arrest of the debtor; the false representation that the debtor committed a crime; the threat to take an action that cannot be legally taken; and the false representation that documents are legal process when they are not or are not legal process when they are.

While a plaintiff's complaint can plead conclusions, these conclusions must provide the defendants at least minimal notice of the claim. *Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir. 1995). In this case, plaintiff does not offer defendant's even a minimal notice of his claim in Count IV. Moreover, contrary to his claim in this Count, plaintiff expressly alleges that the Circuit Court judge was "disinterest[ed] in his rights to due process." Plaintiff has not pled a claim under the FDCPA in Count IV and this Count should be dismissed.

4. Count V -- §1692f

Similar to his cursory allegations in Count IV, plaintiff alleges in Count V that Heavner violated §1692f by "a dubious course of action from day one," and "by attempt[ing] to rubber stamp the Foreclosure Action." Once again, plaintiff fails to plead a viable FDCPA claim.

Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt, including: the collection of any amount not authorized by the agreement creating the debt or authorized by law; depositing or threatening to deposit a

4

post-dated check prior to the date on the check; and communicating with a consumer regarding a debt by post card. 15 U.S.C. §1692f.

Heavener's undefined "dubious course" of action does not amount to a claim under §1692f. Moreover, plaintiff's allegations of a "lack of professional responsibility" in connection with verifying the complaint does not amount to a claim under §1692f. Count V should be dismissed.

5. Count VI -- §1692g

In Count VI, plaintiff alleges that Heavner violated §1692g of the FDCPA which requires a debt collector to provide a statutorily specified notice within five days of its initial communication with the debtor. However, plaintiff also admits that Heavner did provide him with the requisite notice with its initial communication with him – the foreclosure complaint. (Compl., Exhibit A). Plaintiff's claim under §1692g is groundless and should be dismissed with prejudice.

6. Count VII -- §1692g

Plaintiff also alleges that Heavner violated §1692g by filing a foreclosure complaint listing Washington Mutual as the plaintiff. However, as discussed above in connection with Count II, Washington Mutual, as the mortgage holder, was the proper plaintiff in the foreclosure action. Section 1692g, while requiring a specified statutory notice within five days, is silent on the party listed as the plaintiff on a complaint. Count VII should be dismissed with prejudice.

### B. Plaintiff Does Not Have Standing Under §1681s-2 of the FCRA

Plaintiff alleges that Heavner violated §§1681s-2(a)(1)(A) and 2(a)(3) of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"). However, violations of these sections are expressly exempt from private civil actions pursuant to §1681s-2(c).

Section 1681s-2(c) provides: "Sections 1681n and 1681o of this title [that provide civil causes of action to private citizens] do not apply to any failure to comply with subsection (a) of the section, except as provided in section 1681s(c)(1)(B)." Section 1681s(c)(1)(B) provides the authority for state action for violations, not private causes of action. As plaintiff does not have standing to assert claims under 1681s-2(a), Counts IX-XI must be dismissed.

Moreover, Counts X and XI containing allegations identical to Count IX, namely that Heavner violated the Fair Credit Reporting Act ("FCRA") by reporting incorrect information to the credit bureaus without reporting plaintiff's alleged dispute of the debt. In addition to the reasons cited for dismissal of Count IX, as plaintiff's claims in Counts X and XI are duplicative of his claim in Count IX, these Counts should be dismissed.

### C. The U.C.C. Does Not Provide Plaintiff Affirmative Claims

In Counts IVX-XV and XX-XXI, plaintiff alleges that Heavner violated the Uniform Commercial Code ("U.C.C."), codified in Illinois at 810 ILCS 5/1-101 *et seq.* Specifically, plaintiff alleges that Heavner violated: (i) the right to adequate assurance of due performance (Counts IVX and XX); and (ii) the holder in due course (Counts VX and XXI). However, these provisions of the U.C.C., while acting as potential defenses, do not provide affirmative causes of action.

6

810 ILCS 5/2-609 provides that a contract for sale imposes an obligation on each party that the other's expectation of receiving due performance will not be impaired. This section also provides that a party, upon reasonable grounds for insecurity of performance, may suspend his performance for which he has not already received the agreed return.

First, this section of the U.C.C. providing for the right to adequate assurance of performance does not provide for a cause of action, warranting dismissal of Counts IVX and XX). Moreover, plaintiff does not and cannot allege that Heavner was a "party" to the contract, so §2-609 is inapplicable to Heavner.

Similarly, §3-302 of the U.C.C., 810 ILCS 5/3-302, provides the requirements of a holder in due course of an instrument. Once again, this section simply does not provide an affirmative cause of action, warranting dismissal of Counts XV and XXI.

Finally, plaintiff admits that Counts XX and XXI (pled under the Uniform Commercial Code) are identical to Counts IVX and VX (pled under the same provisions of the U.C.C. as codified in Illinois) (Compl., ¶¶155, 159) and should be dismissed as duplicative. *Nagy v. Beckley*, 578 N.E.2d 1134 (Ill.App.Ct. 1991).

Counts IVX-VX and XX-XXI of the Complaint should be dismissed with prejudice.

**D. The Code of Civil Procedure Does Not Provide Affirmative Claims**

In Count IXX, plaintiff alleges that Heavner violated §8-402 of the Illinois Code of Civil Procedure. Once again, this section does not provide an affirmative cause of action. Instead this section provides Illinois Circuit Courts with the power to require parties to produce documents.

7

Section 8-402 provides:

> The circuit courts shall have power, in any action pending before them, upon motion, and good and sufficient cause shown, and reasonable notice thereof given, to require parties, or either of them, to produce books or writings in their possession of power which contain evidence pertinent to the issue. (735 ILCS 5/8-402).

This provision of the Code of Civil Procedure confers certain authority upon the Illinois Circuit Court under specified conditions, but does not convey a cause of action to plaintiff. Count IXX should be dismissed with prejudice.

### E. Plaintiff Fails to Plead the Requisite Elements of Consumer Fraud

In order to state a claim under the Illinois Consumer Fraud Act ("CFA"), plaintiff must plead (i) a deceptive act or practice by defendant, (ii) defendant's intent that plaintiff rely on the deception, (iii) that the conduct involved trade or commerce, and (iv) that plaintiff suffered injury as a proximate result of the deception. *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1997). A complaint alleging a violation of the CFA must be pled with the same specificity required under common-law fraud. *Id.* at 591, 593.

Plaintiff makes the conclusory allegation that "by engaging in the numerous offenses set forth in the preceding counts," defendants violated the CFA. (Compl., ¶183). First, this pleading does not meet the standard of specificity required for fraud claim. Moreover, a painful review of the entire complaint shows that plaintiff fails to plead each of the requisite elements to support this claim. Count XXVII should be dismissed.

### F. Plaintiff Cannot Assert A Due Process Claim Against a Non-State Actor

Plaintiff alleges that defendants have not afforded him due process by pursuing the foreclosure action in state court without providing competent evidence, thereby

8

causing a waste of court time and resources. (Compl., ¶186). First, plaintiff does not and cannot allege that Heavner is a state actor, and therefore cannot maintain a due process claim. Moreover, the state court foreclosure action is still pending, plaintiff is represented by counsel in that case, and plaintiff has the opportunity to challenge evidence he does not believe to be competent. Plaintiff has not and cannot allege that he suffered damages. Count XXVIII should be dismissed with prejudice.

### G. Plaintiff Fails to Plead the Requisite Elements of Fraud

In order to state a claim for fraud, plaintiff must plead (i) a false statement of material fact, (ii) defendant's knowledge that the statement was false, (iii) defendant's intent that the statement induce plaintiff to act, (iv) plaintiff's actual reliance on the truth of the statement, and (v) proximately caused damages. *Id.* at 591. The complaint must plead the allegations of fraud with specificity and particularity. *Id.*

Plaintiff alleges that defendants committed fraud by "consistent, malicious/negligent disregard to adherence to laws, ethics, or "good faith" as alleged throughout this complaint." (Compl., ¶189). Plaintiff also alleges that Heavner "fraudulently and/or negligently produced a 'VOID' Verified Foreclosure Complaint for a copy of the Original Promissory Note" (Compl., ¶192), a complaint that plaintiff apparently did not actually rely as he is disputing it in state court.

Plaintiff has not met the required specificity standard and fails to and cannot plead the requisite elements. Count XXIX should be dismissed with prejudice.

### H. Plaintiff Fails to Plead the Requisite Elements of Defamation

In order to state a claim for defamation, plaintiff must plead that defendant made a false statement concerning plaintiff, that there was an unprivileged publication of the

9

defamatory statement to a third party by defendant, and that plaintiff was damaged. *Wynne v. Loyola Univ. of Chicago*, 741 N.E.2d 669, 675 (Ill.App.Ct. 2000).

In this case, plaintiff fails to plead that the statements that Heavner allegedly transmitted to the credit bureaus were untrue and therefore, plaintiff cannot maintain a claim for defamation. Count XXX should be dismissed.

### I. Plaintiff Fails to Plead the Requisite Elements of Tortious Interference

Plaintiff alleges that defendants tortiously interfered with plaintiff by "keeping [him] at bay in a de facto debtor's prison" (Compl., ¶204), depriving him of his "rights to the pursuit of life, liberty and happiness. . . ." (Compl., ¶205). These allegations do not establish the requisite elements for a claim of tortuous interference. *See Strosberg v. Brauvin Realty Services, Inc.*, 691 N.E.2d 834, 845 (Ill.App.Ct. 1998). Count XXXI should be dismissed.

### III. CONCLUSION

For the reasons stated above, plaintiff has failed to plead a claim in twenty of twenty-two counts plead against Heavner. Accordingly, Counts I-II, IV-XI, IVX-XVI, XX-XXI, and XXVII-XXXI should be dismissed.

Respectfully submitted,

Jeffrey T. Mitchell

Daniel F. Konicek
Jeffrey T. Mitchell
KONICEK & DILLON, P.C.
21 W. State Street
Geneva, Illinois 60134
(630) 262-9655
(630) 262-9659 (Fax)